UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION; ATLANTIC MUSIC GROUP LLC; BAD BOY RECORDS LLC; ELEKTRA ENTERTAINMENT LLC; ELEKTRA ENTERTAINMENT GROUP INC.; FUELED BY RAMEN LLC; WARNER MUSIC INTERNATIONAL SERVICES LIMITED; WARNER RECORDS INC.; WARNER RECORDS LLC; SONY MUSIC ENTERTAINMENT; ARISTA MUSIC; ARISTA RECORDS, LLC; ZOMBA RECORDING LLC; UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; and SPOTIFY USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANNA'S ARCHIVE and DOES 1-10, <br><br> Defendants. | No. _____ <br><br> **PLAINTIFFS' MOTION FOR AN EMERGENCY *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** <br><br> **[FILED UNDER SEAL]** |

Pursuant to Federal Rule of Civil Procedure 65(b), the All Writs Act, 28 U.S.C. § 1651, and the Court's inherent equitable powers, Plaintiffs Atlantic Recording Corporation, Atlantic Music Group LLC, Bad Boy Records LLC, Elektra Entertainment Group Inc., Elektra Entertainment LLC, Fueled by Ramen LLC, Warner Music International Services Limited, Warner Records Inc., Warner Records LLC, Sony Music Entertainment, Arista Music, Arista Records, LLC, Zomba Recording LLC, UMG Recordings, Inc., and Capitol Records, LLC (collectively, "the Record Company Plaintiffs"), by and through their undersigned counsel, file this Motion for an Emergency *Ex Parte* Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction (the "Motion"). The Motion seeks to temporarily enjoin Defendant

Anna's Archive ("Anna's Archive" or "Defendant") from its ongoing and imminent direct copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.* Among other things, the Motion seeks to prevent Anna's Archive from carrying out its threat to release and distribute to the public *86 million* sound recordings—including the most popular and valuable sound recordings ever created, many of which are owned by the Record Company Plaintiffs— that Defendant "scraped" (*i.e.*, illegally copied) from the popular streaming platform Spotify, until the Court holds a hearing on an order to show cause as to why a preliminary injunction should not issue.

In support of the Motion and as grounds therefor, the Record Company Plaintiffs rely upon the following documents, concurrently filed under seal on December 29, 2025: (1) the Complaint and the exhibits thereto; (2) the Record Company Plaintiffs' Memorandum of Law in support of the Motion; (3) the supporting declarations of Brad Cohen, David Jacoby, Alasdair McMullan, Mark McDevitt, and Rollin A. Ransom, and the exhibits thereto; and (4) the [Proposed] Emergency *Ex Parte* Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction ("[Proposed] Order").

As discussed in the Memorandum of Law in support of the Motion, the Record Company Plaintiffs request the following relief, as set forth in greater detail in the [Proposed] Order filed concurrently herewith:

(1) Issuance of a temporary restraining order (a) enjoining Defendant's unlawful conduct (both existing and threatened); and (b) directing two third parties, a domain registrar and an internet service provider that Defendant relies upon to operate the websites through which it conducts its infringing conduct, to take specific and narrowly tailored actions to disable access to those websites in order to effectuate the Court's order.

(2) That the temporary restraining order be entered on an *ex parte* basis, without notice to Defendant until it can be implemented. Indeed, it is imperative that the implementation of the requested temporary restraining order be shielded from anyone associated with Anna's Archive until the disabling of access to its websites is complete. If Anna's Archive is alerted to these efforts prior to their implementation, there is substantial risk that Anna's Archive will immediately release and distribute to the public the sound recordings that it illegally scraped from Spotify, thereby thwarting the preliminary relief sought by the Record Company Plaintiffs and causing the Record Company Plaintiffs extraordinary and irreparable harm.

(3) That the Record Company Plaintiffs be permitted to serve Defendant by email, as Defendant operates anonymously (a fact that Defendant touts) and has taken substantial steps to mask its identity and the identity of those that control it, such that the Plaintiffs have been unable to identify any viable contact information for Defendant.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 29, 2025 | */s/ Randi W. Singer*<br>Rollin A. Ransom (*pro hac vice forthcoming*)<br>Lauren M. De Lilly (*pro hac vice forthcoming*)<br>SIDLEY AUSTIN LLP<br>350 South Grand Street<br>Los Angeles, CA 90071<br>Telephone: (213) 896-6000<br>Facsimile: (213) 896-6600<br>Email: rransom@sidley.com<br>Email: ldelilly@sidley.com<br><br>Randi W. Singer (SBN 2946671)<br>SIDLEY AUSTIN LLP<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br>Email: randi.singer@sidley.com |

*Attorneys for Plaintiffs*

Case 1:26-cv-00002-JSR    Document 10    Filed 01/16/26    Page 4 of 4