**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION; ATLANTIC MUSIC GROUP LLC; BAD BOY RECORDS LLC; ELEKTRA ENTERTAINMENT LLC; ELEKTRA ENTERTAINMENT GROUP INC.; FUELED BY RAMEN LLC; WARNER MUSIC INTERNATIONAL SERVICES LIMITED; WARNER RECORDS INC.; WARNER RECORDS LLC; SONY MUSIC ENTERTAINMENT; ARISTA MUSIC; ARISTA RECORDS, LLC; ZOMBA RECORDING LLC; UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; and SPOTIFY USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANNA'S ARCHIVE and DOES 1-10, <br><br> Defendants. | No. _____ <br><br> **DECLARATION OF ROLLIN A. RANSOM IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ORDER TO TEMPORARILY FILE CASE UNDER SEAL AND MOTION FOR AN EMERGENCY *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** <br><br> **[FILED UNDER SEAL]** |

I, Rollin A. Ransom, declare and state, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.9 of the United States District Courts for the Southern and Eastern Districts of New York, that the following is true and correct:

1.      I am an attorney at law, duly licensed and entitled to practice in the States of California, New York, and Illinois. I  am a partner at Sidley Austin LLP, counsel for Plaintiffs Atlantic Recording Corporation, Atlantic Music Group LLC, Bad Boy Records LLC, Elektra Entertainment Group Inc., Elektra Entertainment LLC, Fueled By Ramen LLC, Warner Music International Services Limited, Warner Records Inc., Warner Records LLC, Sony Music Entertainment, Arista Music, Arista Records, LLC, Zomba Recording LLC, UMG Recordings, Inc., and Capitol Records, LLC (collectively, the "Record Company Plaintiffs") and Spotify USA

Inc. ("Spotify").   I make this declaration in support of: (1) the Record Company Plaintiffs'

Application for Order to Temporarily File Case Under Seal, and (2) the Record Company

Plaintiffs' Motion for an Emergency *Ex Parte* Temporary Restraining Order and Order to Show

Cause Re: Preliminary Injunction.  I have personal knowledge of, and if called as a witness, could

testify to the following facts.

2.       The Record Company Plaintiffs are moving *ex parte* for a temporary restraining

order and order to show cause as to why a preliminary injunction should not issue against

Defendant Anna's Archive ("Anna's Archive"), and must explain "any efforts made to give notice

and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

3.       The Record Company Plaintiffs have not made efforts to give notice to Anna's

Archive. As explained in the concurrently filed Declaration of Mark McDevitt (Deputy Chief,

Content Protection at the Recording Industry Association of America), Anna's Archive is a

collection of notorious pirate websites that recently announced that it had "scraped" (*i.e.*, illegally

copied) approximately *86 million* music files from the popular streaming service Spotify, and that

it intended to release those files to the public imminently.  Providing notice of this action and the

Motion would severely undermine the Record Company Plaintiffs' ability to obtain meaningful

relief, as it is virtually certain that notice would result in immediate steps by Anna's Archive to

release the millions of music files it unlawfully copied from Spotify, thereby irreparably harming

the Record Company Plaintiffs' copyright interests, and/or to distance its operations from the

United States entirely, in an effort to avoid the reach of this Court.

4.       On December 28, 2025, true and correct copies of webpages from Anna's Archive's

websites were downloaded and saved to PDF by Sebastien Wadier, a Managing Associate at Sidley

Austin LLP, at my request, direction, and supervision. Those webpages are attached hereto as follows:

      a.      **Exhibit A** is a true and correct copy of the homepage of annas-archive.org, available at https://annas-archive.org, and last visited on December 28, 2025.

      b.      **Exhibit B** is a true and correct copy of the "Torrents" webpage of annas-archive.org, available at https://annas-archive.org/torrents, and last visited on December 28, 2025.

      c.      **Exhibit C** is a true and correct copy of the "Search" webpage of annas-archive.org, which is available at https://annas-archive.org/search, and last visited on December 28, 2025.

      d.      **Exhibit D** is a true and correct copy of the "Donation" webpage of annas-archive.org, which is available at https://annas-archive.org/donate?tier=2, and last visited on December 28, 2025.

      e.      **Exhibit E** is a true and correct copy of the "Frequently Asked Questions (FAQ)" webpage of annas-archive.org, which is available at https://annas-archive.org/faq, and last visited on December 28, 2025.

      f.      **Exhibit F** is a true and correct copy of the "Anna's Blog" webpage of annas-archive.org, which is available at https://annas-archive.org/blog/, and last visited on December 28, 2025.

      g.      **Exhibit G** is a true and correct copy of a July 1, 2022, Anna's Blog post titled "Introducing the Pirate Library Mirror: Preserving 7TB of Books (That Are Not in Libgen)," which is available at https://annas-archive.org/blog/blog-introducing.html, and last visited on December 28, 2025.

h.      **Exhibit H** is a true and correct copy of a October 17, 2022, Anna's Blog post titled "How to Become a Pirate Archivist," which is available at https://annas-archive.org/blog/blog-how-to-become-a-pirate-archivist.html, and last visited on December 28, 2025.

5.      The Record Company Plaintiffs have not made a previous application for similar relief in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 28, 2025, in Los Angeles, California.

Rollin A. Ransom