**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION; ATLANTIC MUSIC GROUP LLC; BAD BOY RECORDS LLC; ELEKTRA ENTERTAINMENT LLC; ELEKTRA ENTERTAINMENT GROUP INC.; FUELED BY RAMEN LLC; WARNER MUSIC INTERNATIONAL SERVICES LIMITED; WARNER RECORDS INC.; WARNER RECORDS LLC; SONY MUSIC ENTERTAINMENT; ARISTA MUSIC; ARISTA RECORDS, LLC; ZOMBA RECORDING LLC; UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; and SPOTIFY USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANNA'S ARCHIVE and DOES 1-10, <br><br> Defendants. | No. _____ <br><br> [PROPOSED] EMERGENCY *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION <br><br> [FILED UNDER SEAL] |

Plaintiffs Atlantic Recording Corporation, Atlantic Music Group LLC, Bad Boy Records LLC, Elektra Entertainment Group Inc., Elektra Entertainment LLC, Fueled by Ramen LLC, Warner Music International Services Limited, Warner Records Inc., Warner Records LLC, Sony Music Entertainment, Arista Music, Arista Records, LLC, Zomba Recording LLC, UMG Recordings, Inc., and Capitol Records, LLC (collectively, the "Record Company Plaintiffs") have filed a Complaint against Defendants Anna's Archive ("Anna's Archive") and Does 1-10 alleging violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*, and seeking injunctive and other relief thereunder.

The Record Company Plaintiffs have moved for an Emergency *Ex Parte* Temporary Restraining Order and an Order to Show Cause re: Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(b), the All Writs Act, 28 U.S.C. § 1651, and this Court's inherent equitable powers.

Having reviewed the Complaint, the moving papers, memorandum of law, declarations, and exhibits, the Court hereby makes the following findings of fact and conclusions of law:

1. The Record Company Plaintiffs have demonstrated that they are entitled to the relief sought by establishing that they are likely to succeed on the merits of their claim, that they are suffering and will continue to suffer irreparable harm in the absence of injunctive relief, that the balance of hardships favors them, and that the public interest favors the entry of a temporary restraining order. *See Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34 (2d Cir. 2010).

    a. With respect to the likelihood of success on the merits of the Record Company Plaintiffs' claim for direct copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, to prevail on a claim of copyright infringement, a plaintiff must show (1) the plaintiff's "ownership of a valid copyright," and (2) "infringement of the copyright by" the defendant. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001). As to the first element, the Record Company Plaintiffs have demonstrated that they are likely to succeed in showing that they own or exclusively control registered copyrights in the copyrighted sound recordings identified in Exhibit A to the Complaint (the "Copyrighted Sound Recordings"), and that those copyrights are valid and entitled to protection. As to the second element, the Record Company Plaintiffs have also demonstrated that they are likely to succeed in showing that Anna's Archive infringed the copyrights in the Copyrighted Sound Recordings by "scraping" (*i.e.*,

[Handwritten annotation: "En. These findings and conclusions are, of course, based entirely on plaintiffs' ex parte submission and are subject to de novo review when defendants respond."]

unlawfully reproducing) those works from the popular streaming service Spotify, and that Anna's Archive is threatening to engage in additional acts of infringement by further reproducing and distributing copyrighted works owned or controlled by the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings, including by posting "torrent" files on the websites at the domain names annas-archive.org, annas-archive.li, and annas-archive.se (collectively, the "Anna's Archive Websites") that would enable users to download the sound recordings that it illegally scraped from Spotify.

    b. With respect to irreparable harm, there is good cause to believe that, unless Anna's Archive is restrained and enjoined by Order of this Court, immediate and irreparable harm will result from Anna's Archive's ongoing violations. Anna's Archive's continued infringement of copyrighted works owned by the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings, including its stated intent to imminently mass release and distribute those sound recordings to the public, would substantially diminish the value of the Record Company Plaintiffs' copyrighted works and interfere with the Record Company Plaintiffs' rights and ability to control their sound recording catalogs, and to license, sell, and distribute their sound recordings. There is also good cause to believe that the Record Company Plaintiffs' losses from Anna's Archive's ongoing violations would be difficult to measure, that Anna's Archive is likely to evade enforcement of any judgment for its infringement, and that Anna's Archive lacks sufficient assets in the United States to satisfy a judgment. *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 285 (2d Cir. 2012).

    c. With respect to the balance of hardships, the Record Company Plaintiffs' immediate and irreparable harm from denial of their requested Emergency *Ex Parte* Temporary Restraining Order would outweigh any harm to Anna's Archive's legitimate interests from

3

granting such an order. Anna's Archive's inability to reproduce and distribute copyrighted sound recordings owned or controlled by the Record Company Plaintiffs without authorization (*i.e.*, to infringe) is not a legally recognized harm. *Id.* at 287.

   d. The public interest also favors issuance of a temporary restraining order because the public has a compelling interest in protecting copyright owners' rights. *Id.* at 287.

 2. Anna's Archive has attempted to conceal the true identities and locations of those associated with operating the Anna's Archive Websites, including by masking identifying information about the Anna's Archive Websites' registrants and their physical locations.

 3. If the Record Company Plaintiffs were to proceed on notice to Anna's Archive, Anna's Archive would likely destroy, move, hide, or otherwise make the Anna's Archive Websites and business records relating thereto inaccessible to the Court, thus frustrating the ultimate relief the Record Company Plaintiffs seek in this action.

 4. The Record Company Plaintiffs have represented that they have not publicized the filing of this action or the relief requested.

 5. Entry of an order other than an *ex parte* order temporarily restraining Anna's Archive and requiring that all domain name registries, registrars, and hosting and internet service providers disable access to the Anna's Archive Websites, would not adequately achieve the purposes of the Copyright Act to preserve the Record Company Plaintiffs' equitable remedies for copyright infringement, nor would it adequately protect the Record Company Plaintiffs from the ongoing, mass-scale infringement of their copyrights through the Anna's Archive Websites.

 6. Good cause also exists to grant leave to serve Anna's Archive by email. The Record Company Plaintiffs have established that traditional service methods would be futile *[handwritten: and that the Hague Convention is inapplicable.]* Given that Anna's Archive operates anonymously and its only contact information consists of

4

email addresses, email service is most likely to give Anna's Archive notice of the filings pertaining to this action.

**THEREFORE, IT IS HEREBY ORDERED** that Anna's Archive show cause on or before the  16th day of January, 2026, at 2:00 a.m./p.m., or as soon thereafter as counsel can be heard, in Courtroom 14-B in the United States District Court for the Southern District of New York, located at 500 Pearl St., New York NY, why an order pursuant to Federal Rule of Civil Procedure 65(b), the All Writs Act, 28 U.S.C. § 1651, and this Court's inherent equitable powers should not be entered granting the Record Company Plaintiffs a preliminary injunction, and enjoining and restraining Anna's Archive, their officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them, from:

a. Hosting, linking to, distributing, reproducing, copying, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any copyrighted work owned or controlled by any of the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings, or any portion(s) thereof in any form;

b. Taking any action that directly or indirectly enables, facilitates, permits, assists, solicits, encourages or induces any user or other third party (i) to copy, host, index, reproduce, download, stream, exhibit, distribute, communicate to the public, upload, link to, transmit, publicly perform, display or otherwise use or exploit in any manner any copyrighted work owned or controlled by any of the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings, or any portion(s) thereof in any form; or (ii) to make available any copyrighted work owned or controlled by any of the Record Company Plaintiffs, including

without limitation the Copyrighted Sound Recordings, or any portion(s) thereof in any form, for copying, hosting, indexing, reproducing, downloading, streaming, exhibiting, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing or displaying, or for any other use or means of exploitation, including via BitTorrent;

  c. Committing any acts intended to cause users to believe that the copies of any copyrighted work owned or controlled by any of the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings, available through the Anna's Archive Websites are authorized copies sponsored by, approved by, connected with, guaranteed by, or distributed under the control and/or supervision of the Record Company Plaintiffs;

  d. Otherwise infringing any copyrighted work owned or controlled by any of the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings;

  e. Transferring, performing any function or taking any step that results in the transfer of the registration of any of the domain names of the Anna's Archive Websites (the "Anna's Archive Domain Names") to any other registrant or registrar; and

  f. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a)-(e).

**IT IS FURTHER ORDERED** that, pending the hearing on the Record Company Plaintiffs' application for a preliminary injunction, Anna's Archive, including its officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them having knowledge of this Order by service, actual notice, or otherwise, be, and they are hereby, temporarily restrained from:

  a. Committing any of the acts set forth in subparagraphs (a)-(f) above; and

b.   Moving, destroying, or otherwise disposing of any computer files, electronic files, business records, or documents related to the Anna's Archive Websites, the Anna's Archive Domain Names, and/or Anna's Archive's assets and operations.

**IT IS FURTHER ORDERED** that, all domain name registries and registrars for each of the Anna's Archive Domain Names, including without limitation the top-level domain registry Public Interest Registry ("PIR"), and all hosting and internet service providers for the Anna's Archive Websites, including without limitation Cloudflare Inc. ("Cloudflare"), shall, upon gaining knowledge of this Order by service, actual notice, or otherwise:

a.   Disable access to the Anna's Archive Domain Names, through a registry hold or otherwise, and prevent their transfer to anyone other than the Record Company Plaintiffs;

b.   Disable the authoritative nameservers for the Anna's Archive Websites;

c.   Cease any hosting services for the Anna's Archive Websites or any other websites that host the infringing content or directly facilitate its distribution;

d.   Preserve all evidence that may be used to identify the individuals or entities using the Anna's Archive Domain Names and/or operating the Anna's Archive Websites;

e.   Refrain from providing any notice or warning to, or communicating in any way with, Anna's Archive or its representatives, and refrain from publicizing this Order until this Order is executed in full and unsealed by the Court, except as necessary to communicate with domain registrars, domain registries, and hosting and internet service providers to execute this Order; and

f.   Refrain from frustrating, and reasonably assist in, the implementation of this Order.

7

**IT IS FURTHER ORDERED** that the Record Company Plaintiffs shall give notice of this Temporary Restraining Order to PIR and Cloudflare within two (2) business days after issuance, and any other domain name registries and registrars and hosting and internet service providers for the Anna's Archive Websites that the Record Company Plaintiffs subsequently identify within two (2) business days after such identification.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Anna's Archive stipulates, or has not objected, to the preliminary injunction.

**IT IS FURTHER ORDERED** that, within five (5) business days within entry of this Order, the Record Company Plaintiffs shall post a corporate surety bond, cash, or a certified or attorney's check in the amount of $5,000 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

**IT IS FURTHER ORDERED** that the Record Company Plaintiffs may complete service of process on Anna's Archive of this Order, together with the Summons and Complaint, and all other documents filed in this action, by electronic mail, and that such service shall be made on or before two (2) business days following the successful completion by PIR and Cloudflare of the actions required above.

**IT IS FURTHER ORDERED** that Anna's Archive's answering papers, if any, shall be filed with the Clerk of this Court and served upon counsel for the Record Company Plaintiffs by delivering copies thereof to the offices of Sidley Austin LLP, 787 Seventh Avenue, New York, New York, Attention: Randi Singer, and by email to randi.singer@sidley.com and

rransom@sidley.com, before 5:0̶0̶ a.m./p.m. on January 12, 2026. Any reply shall be filed and served by the Record Company Plaintiffs ~~at the hearing; and~~ by no later than 5 p.m. on January 14, 2026; and

**IT IS FURTHER ORDERED** that this action shall remain <u>sealed</u> by the Court until the earliest date for hearing on the Order to Show Cause set forth above.

**IT IS SO ORDERED.**

Entered this 2nd day of January, 2026 at 10:35 a.m.

_____
United States District Judge