# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION; ATLANTIC MUSIC GROUP LLC; BAD BOY RECORDS LLC; ELEKTRA ENTERTAINMENT LLC; ELEKTRA ENTERTAINMENT GROUP INC.; FUELED BY RAMEN LLC; WARNER MUSIC INTERNATIONAL SERVICES LIMITED; WARNER RECORDS INC.; WARNER RECORDS LLC; SONY MUSIC ENTERTAINMENT; ARISTA MUSIC; ARISTA RECORDS, LLC; ZOMBA RECORDING LLC; UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; and SPOTIFY USA INC., | No. 26-cv-00002 (JSR) **[PROPOSED] PRELIMINARY INJUNCTION** **[FILED UNDER SEAL]** |
| Plaintiffs, | |
| v. | |
| ANNA'S ARCHIVE and DOES 1-10, | |
| Defendants. | |

Plaintiffs Atlantic Recording Corporation, Atlantic Music Group LLC, Bad Boy Records LLC, Elektra Entertainment Group Inc., Elektra Entertainment LLC, Fueled by Ramen LLC, Warner Music International Services Limited, Warner Records Inc., Warner Records LLC, Sony Music Entertainment, Arista Music, Arista Records, LLC, Zomba Recording LLC, UMG Recordings, Inc., and Capitol Records, LLC (collectively, "the Record Company Plaintiffs") and Spotify USA Inc. (together with the Record Company Plaintiffs, "Plaintiffs") have filed a Complaint against Defendants Anna's Archive ("Anna's Archive") and Does 1-10 alleging violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*, and seeking injunctive and other relief thereunder.

On January 2, 2026, the Record Company Plaintiffs moved for an Emergency *Ex Parte* Temporary Restraining Order and an Order to Show Cause re: Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(b), the All Writs Act, 28 U.S.C. § 1651, and this Court's inherent equitable powers (the "TRO Motion"). That same day, the Court granted the TRO Motion and issued a Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction (the "TRO Order"). In the TRO Order, the Court ordered Anna's Archive to file any answering papers before 5:00 p.m. on January 12, 2026, and set a hearing and order to show cause for 2:00 p.m. on January 16, 2026. No such answering papers were filed [and Anna's Archive did not appear at the hearing on January 16, 2026].

Having reviewed the Complaint, the TRO Motion and supporting papers, the reply papers filed by the Record Company Plaintiffs on January 14, 2026, and the other documents of record in this action, the Court hereby makes the following findings of fact and conclusions of law:[1]

1.      The Record Company Plaintiffs have demonstrated that they are entitled to the relief sought by establishing that they are likely to succeed on the merits of their claim, that they are suffering and will continue to suffer irreparable harm in the absence of injunctive relief, that the balance of hardships favors them, and that the public interest favors the entry of a preliminary injunction. *See Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34 (2d Cir. 2010).

   a.      With respect to the likelihood of success on the merits of the Record Company Plaintiffs' claim for direct copyright infringement under the Copyright Act, 17 U.S.C.

---

[1] As the Court also noted in the TRO Order, *see* TRO Order at fn., these findings and conclusions are based entirely on the Record Company Plaintiffs' submissions, as the TRO Motion was filed and granted *ex parte* and Anna's Archive has elected not to file any answering papers in response to the TRO Order. These findings are made for purposes of this Order only, and are subject to further review prior to entry of any final judgment in this action.

§ 101 *et seq.*, to prevail on a claim of copyright infringement, a plaintiff must show (1) the plaintiff's "ownership of a valid copyright," and (2) "infringement of the copyright by" the defendant. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001). As to the first element, the Record Company Plaintiffs have demonstrated that they are likely to succeed in showing that they own or exclusively control registered copyrights in the copyrighted sound recordings identified in Exhibit A to the Complaint (the "Copyrighted Sound Recordings"), and that those copyrights are valid and entitled to protection. As to the second element, the Record Company Plaintiffs have also demonstrated that they are likely to succeed in showing that Anna's Archive infringed the copyrights in the Copyrighted Sound Recordings by "scraping" (*i.e.*, unlawfully reproducing) those works from the popular streaming service Spotify. The Record Company Plaintiffs are also likely to succeed in showing that Anna's Archive has threatened and/or is threatening to engage in additional acts of infringement by further reproducing and distributing copyrighted works owned or controlled by the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings, by, *inter alia,* posting "torrent" files on websites owned or controlled by Anna's Archive (collectively, the "Anna's Archive Websites"). The Anna's Archive Websites include without limitation websites that were or are maintained at the domain names annas-archive.org, annas-archive.li, annas-archive.se, annas-archive.in, and annas-archive.pm, together with any other websites offered by or in the name of Anna's Archive that are now in existence or created hereafter and that would enable users to download or otherwise further facilitate infringement of the sound recordings and/or other materials that Anna's Archive illegally scraped from Spotify.

        b.      With respect to irreparable harm, there is good cause to believe that, unless Anna's Archive is restrained and enjoined by Order of this Court, immediate and irreparable harm

will result from Anna's Archive's ongoing violations. Anna's Archive's continued infringement of copyrighted works owned by the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings, as well as its stated intent to mass release and distribute those sound recordings to the public, would substantially diminish the value of the Record Company Plaintiffs' copyrighted works and interfere with the Record Company Plaintiffs' rights and ability to control their sound recording catalogs, and to license, sell, and distribute their sound recordings. There is also good cause to believe that the Record Company Plaintiffs' losses from Anna's Archive's ongoing violations would be difficult to measure, that Anna's Archive is likely to evade enforcement of any judgment for its infringement, and that Anna's Archive lacks sufficient assets in the United States to satisfy a judgment. *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 285 (2d Cir. 2012).

        c.      With respect to the balance of hardships, the Record Company Plaintiffs' immediate and irreparable harm from denial of their requested preliminary injunction would outweigh any harm to Anna's Archive's legitimate interests from granting such an Order. Anna's Archive's inability to reproduce and distribute copyrighted sound recordings owned or controlled by the Record Company Plaintiffs without authorization (*i.e.*, to infringe) is not a legally recognized harm. *Id.* at 287.

        d.      The public interest also favors issuance of a preliminary injunction because the public has a compelling interest in protecting copyright owners' rights. *Id.* at 287.

        2.      Plaintiffs have filed proofs of service reflecting service of the Summons and Complaint, the TRO Order, and all other documents filed in this action on Anna's Archive by email dated January 3, 2026, consistent with the requirements of the TRO Order. Despite such service, Anna's Archive failed to file any answering papers with respect to the TRO Order [or to

appear at the hearing on January 16, 2026, on the order to show cause set forth in the TRO Order].

**THEREFORE, IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(b), the All Writs Act, 28 U.S.C. § 1651, and this Court's inherent equitable powers, Anna's Archive, their officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them, are hereby enjoined and restrained from, anywhere in the world:

    a.    Hosting, linking to, distributing, reproducing, copying, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any copyrighted work owned or controlled by any of the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings, or any portion(s) thereof in any form;

    b.    Taking any action that directly or indirectly enables, facilitates, permits, assists, solicits, encourages or induces any user or other third party (i) to copy, host, index, reproduce, download, stream, exhibit, distribute, communicate to the public, upload, link to, transmit, publicly perform, display or otherwise use or exploit in any manner any copyrighted work owned or controlled by any of the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings, or any portion(s) thereof in any form; or (ii) to make available any copyrighted work owned or controlled by any of the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings, or any portion(s) thereof in any form, for copying, hosting, indexing, reproducing, downloading, streaming, exhibiting, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing or displaying, or for any other use or means of exploitation, including via BitTorrent;

c.       Committing any acts intended to cause users to believe that the copies of any copyrighted work owned or controlled by any of the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings, available through the Anna's Archive Websites are authorized copies sponsored by, approved by, connected with, guaranteed by, or distributed under the control and/or supervision of the Record Company Plaintiffs;

d.       Otherwise infringing any copyrighted work owned or controlled by any of the Record Company Plaintiffs, including without limitation the Copyrighted Sound Recordings;

e.       Transferring, performing any function or taking any step that results in the transfer of the registration of any of the domain names of Anna's Archive Websites (the "Anna's Archive Domain Names") including without limitation the domain names annas-archive.org, annas-archive.li, annas-archive.se, annas-archive.in, and annas-archive.pm, to any other registrant or registrar;

f.       Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a)-(e); and

g.       Moving, destroying, or otherwise disposing of any computer files, electronic files, business records, or documents related to Anna's Archive Websites, Anna's Archive Domain Names, and/or Anna's Archive's assets and operations.

**IT IS FURTHER ORDERED** that, all domain name registries and registrars of record for Anna's Archive Domain Names and all hosting and internet service providers for Anna's Archive Websites shall, upon gaining knowledge of this Order by service, actual notice, or otherwise:

a.       Disable access to Anna's Archive Domain Names, through a registry hold or otherwise, and prevent their transfer to anyone other than the Record Company Plaintiffs;

b.    Disable the authoritative nameservers for Anna's Archive Websites;

c.    Cease any hosting services for Anna's Archive Websites or any other websites that host the infringing content or directly facilitate its distribution;

d.    Preserve all evidence that may be used to identify the individuals or entities using Anna's Archive Domain Names and/or operating Anna's Archive Websites;

e.    Refrain from frustrating, and reasonably assist in, the implementation of this Order.

For avoidance of doubt, and without limiting the generality of the foregoing, the terms of this Order apply to the following past or present domain name registries and/or registrars of record for Anna's Archive Domain Names and to the following past or present hosting and/or internet service providers for Anna's Archive Websites (in addition to any and all other domain name registries and registrars of record for any Anna's Archive Domain Names, now or in the future, and any and all other hosting and internet service providers for Anna's Archive Websites, now or in the future):  Public Interest Registry; Cloudflare Inc.; Switch Foundation; The Swedish Internet Foundation; National Internet Exchange of India; Njalla SRL; IQWeb FZ-LLC; Immaterialism Ltd.; Hosting Concepts B.V.; and Tucows Domains Inc.

**IT IS FURTHER ORDERED** that the attorney's check in the amount of $5,000 previously posted as security by the Record Company Plaintiffs shall continue to be held by the Court and is determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

**IT IS SO ORDERED.**

Entered this _____ day of _____, 2026.

_____
United States District Judge