**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION; ATLANTIC MUSIC GROUP LLC; BAD BOY RECORDS LLC; ELEKTRA ENTERTAINMENT LLC; ELEKTRA ENTERTAINMENT GROUP INC.; FUELED BY RAMEN LLC; WARNER MUSIC INTERNATIONAL SERVICES LIMITED; WARNER RECORDS INC.; WARNER RECORDS LLC; SONY MUSIC ENTERTAINMENT; ARISTA MUSIC; ARISTA RECORDS, LLC; ZOMBA RECORDING LLC; UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; and SPOTIFY USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANNA'S ARCHIVE and DOES 1-10, <br><br> Defendants. | No. 26-cv-00002 (JSR) <br><br> **[PROPOSED] DEFAULT JUDGMENT** |

**WHEREAS**, Plaintiffs Atlantic Recording Corporation, Atlantic Music Group LLC, Bad Boy Records LLC, Elektra Entertainment Group Inc., Elektra Entertainment LLC, Fueled by Ramen LLC, Warner Music International Services Limited, Warner Records Inc., Warner Records LLC, Sony Music Entertainment, Arista Music, Arista Records, LLC, Zomba Recording LLC, UMG Recordings, Inc., Capitol Records, LLC (collectively, the "Record Company Plaintiffs"), and Spotify USA Inc. (together with the Record Company Plaintiffs, "Plaintiffs") commenced this action against Defendant Anna's Archive ("Defendant") by the filing of the Complaint on January 2, 2026. ECF No. 8.

**WHEREAS**, Plaintiffs asserted claims against Defendant for: (1) direct copyright infringement pursuant to 17 U.S.C. § 106; (2) breach of contract; (3) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"); and (4) violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1201 ("DMCA").  *See* ECF No. 8.

**WHEREAS**, Plaintiffs served Defendant with the Summons and Complaint, along with all other documents filed in the action to date, on January 3, 2026, via electronic mail pursuant to the Court's January 2, 2026, Emergency *Ex Parte* Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction (the "TRO Order"). *See* ECF Nos. 19, 21.

**WHEREAS**, Defendant failed to answer or otherwise respond to the Complaint by the required deadline, or otherwise defend the action, and Plaintiff moved for an Entry of Clerk's Certificate of Default on January 29, 2026. ECF Nos. 30, 31, 31-1.

**WHEREAS**, the Clerk entered a Certificate of Default as to Defendant on February 2, 2026. ECF No. 32.

**WHEREAS**, Plaintiffs moved the Court for entry of Default Judgment as to their claims for direct copyright infringement, breach of contract, and violation of the DMCA on March 25, 2026, and concurrently elected to voluntarily dismiss their claim for violation of the CFAA without prejudice.

**WHEREAS,** Plaintiff's Motion for Default Judgment came on for hearing on _____, 2026, before this Court;

**WHEREAS**, the Court has considered Plaintiff's Motion for Default Judgment and all supporting papers thereto, and for the reasons stated therein and for good cause shown;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      Plaintiffs' Motion for Default Judgment is GRANTED.

2. Judgment is hereby granted in Plaintiffs' favor and against Defendant on Plaintiffs' claims for direct copyright infringement, breach of contract, and violation of the DMCA.

3. Plaintiffs' claim for violation of the CFAA is dismissed without prejudice.

4. The Hague Convention and its rules regarding service do not apply because the only physical address associated with Defendant that Plaintiffs have identified is in Liberia, which is not a party to the Hague Convention.

5. Defendant is hereby ordered to pay Plaintiffs Atlantic Recording Corporation, Atlantic Music Group LLC, Bad Boy Records LLC, Elektra Entertainment Group Inc., Elektra Entertainment LLC, Fueled by Ramen LLC, Warner Music International Services Limited, Warner Records Inc., and Warner Records LLC (collectively, the "Warner Plaintiffs") statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2), in the amount of $150,000.00 for each of the 48 works owned by the Warner Plaintiffs alleged in the Complaint (ECF Nos. 8 ¶ 24, 8-1), for a total of $7,200,000.00.

6. Defendant is hereby ordered to pay Plaintiffs Sony Music Entertainment, Arista Music, Arista Records, LLC, and Zomba Recording LLC (collectively, the "Sony Plaintiffs") statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2), in the amount of $150,000.00 for each of the 50 works owned by the Sony Plaintiffs alleged in the Complaint (ECF Nos. 8 ¶ 24, 8-1), for a total of $7,500,000.00.

7. Defendant is hereby ordered to pay Plaintiffs UMG Recordings, Inc. and Capitol Records, LLC (together, the "UMG Plaintiffs") statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2), in the amount of $150,000.00 for each of the 50 works owned by the UMG Plaintiffs alleged in the Complaint (ECF Nos. 8 ¶ 24, 8-1), for a total of $7,500,000.00.

8.      Defendant is hereby ordered to pay Plaintiff Spotify USA Inc. ("Spotify") statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(A) in the amount of $2,500.00 per act of circumvention of a technological measure, for each of the 120,000 music files made available for download by Defendant and downloaded by Spotify, for a total of $300,000,000.00.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED:**

9.      Pursuant to 17 U.S.C. §§ 503(b) and 1203(b)(1):

a.  Defendant shall immediately destroy all copies and phonorecords of any work "scraped," downloaded, copied, or otherwise extracted from Spotify, including but not limited to those owned or controlled by any of the Record Company Plaintiffs (collectively, the "Works"), or any portion(s) thereof in any form; and

b.  Within ten business days after service of this Judgment on Defendant, which service may be by email for the reasons set forth in the TRO Order, Defendant shall file with this Court and serve upon Plaintiffs a written report, under penalty of perjury under the laws of the United States, that includes the following:  (1) a detailed description of the manner and form in which Defendant complied with the injunctive relief set forth in this paragraph 9; and (2) valid contact information (including without limitation valid mailing address, telephone number, and email address) for Defendant and for each of its managing agents.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED:**

10.     Pursuant to Federal Rule of Civil Procedure 65(b), the All Writs Act, 28 U.S.C. § 1651, 17 U.S.C. §§ 502(a) and 1203(b)(1), and this Court's inherent equitable powers, Defendant, their officers, agents, servants, employees, attorneys, and any persons in active concert

or participation with them, are hereby permanently **ENJOINED AND RESTRAINED** from, anywhere in the world:

    a. Hosting, linking to, distributing, reproducing, copying, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of the Works, or any portion(s) thereof in any form;

    b. Taking any action that directly or indirectly enables, facilitates, permits, assists, solicits, encourages or induces any user or other third party (i) to copy, host, index, reproduce, download, stream, exhibit, distribute, communicate to the public, upload, link to, transmit, publicly perform, display or otherwise use or exploit in any manner any of the Works, or any portion(s) thereof in any form; or (ii) to make available any of the Works, or any portion(s) thereof in any form, for copying, hosting, indexing, reproducing, downloading, streaming, exhibiting, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing or displaying, or for any other use or means of exploitation, including via BitTorrent;

    c. Committing any acts intended to cause users to believe that copies of the Works, or any portion(s) thereof in any form, available directly or indirectly through any website operated by Defendant ("Defendant's Websites") are authorized copies sponsored by, approved by, connected with, guaranteed by, or distributed under the control and/or supervision of the copyright owners;

    d. Otherwise infringing any of the Works;

e.  Transferring, performing any function, or taking any step that results in the transfer of the registration of any of the domain names of Defendant's Websites (the "Defendant's Domain Names") including without limitation the domain names annas-archive.org, annas-archive.li, annas-archive.se, annas-archive.in, annas-archive.pm, annas-archive.gl, annas-archive.ch, annas-archive.pk, annas-archive.gd, and annas-archive.vg, to any other registrant or registrar;

f.  Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs 10(a) through 10(e).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED:**

11.  All domain name registries and registrars of record for Defendant's Domain Names and all hosting and internet service providers for Defendant's Websites shall, upon gaining knowledge of this Judgment by service, actual notice, or otherwise:

a.  Permanently disable access to Defendant's Domain Names, through a registry hold or otherwise, and prevent their transfer to anyone other than the Record Company Plaintiffs;

b.  Permanently disable the authoritative nameservers for Defendant's Websites;

c.  Permanently cease any hosting services for Defendant's Websites or any other websites that host the infringing content or directly facilitate its distribution;

d.  Preserve all evidence that may be used to identify the individuals or entities using Defendant's Domain Names and/or operating Defendant's Websites; and

e.  Refrain from frustrating, and reasonably assist in, the implementation of this Judgment.

12.     For the avoidance of doubt, and without limiting the generality of the foregoing, the terms of this Judgment apply to the following past or present domain name registries and/or registrars of record for Defendant's Domain Names and to the following past or present hosting and/or internet service providers for Defendant's Websites (in addition to any and all other domain name registries and registrars of record for any Defendant's Domain Names, now or in the future, and any and all other hosting and internet service providers for Defendant's Websites, now or in the future):  Public Interest Registry; Cloudflare Inc.; Switch Foundation; The Swedish Internet Foundation; National Internet Exchange of India; Njalla SRL; IQWeb FZ-LLC; Immaterialism Ltd.; Hosting Concepts B.V.; Tucows Domains Inc., and OwnRegistrar, Inc.

13.     Defendant may seek relief from paragraph 10(e) and paragraph 11 of this Judgment upon a showing that it has satisfied in whole paragraphs 5 through 9 of this Judgment and has complied in full with paragraph 10 of this Judgment.

The Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment, and to enter such further orders as may be necessary or appropriate to effectuate and facilitate enforcement of this Judgment and/or otherwise redress Defendants' violations of Plaintiffs' rights.

**IT IS SO ORDERED.**

Entered this _____ day of _____, 2026.


_____
Honorable Jed S. Rakoff
United States District Judge