**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION; ATLANTIC MUSIC GROUP LLC; BAD BOY RECORDS LLC; ELEKTRA ENTERTAINMENT LLC; ELEKTRA ENTERTAINMENT GROUP INC.; FUELED BY RAMEN LLC; WARNER MUSIC INTERNATIONAL SERVICES LIMITED; WARNER RECORDS INC.; WARNER RECORDS LLC; SONY MUSIC ENTERTAINMENT; ARISTA MUSIC; ARISTA RECORDS, LLC; ZOMBA RECORDING LLC; UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; and SPOTIFY USA INC., | No. 26-cv-00002 (JSR) <br><br> **STATEMENT OF DAMAGES** |
| Plaintiffs, | |
| v. | |
| ANNA'S ARCHIVE and DOES 1-10, | |
| Defendants. | |

Pursuant to Local Rule 55.2, Plaintiffs Atlantic Recording Corporation, Atlantic Music Group LLC, Bad Boy Records LLC, Elektra Entertainment Group Inc., Elektra Entertainment LLC, Fueled by Ramen LLC, Warner Music International Services Limited, Warner Records Inc., Warner Records LLC, Sony Music Entertainment, Arista Music, Arista Records, LLC, Zomba Recording LLC, UMG Recordings, Inc., and Capitol Records, LLC (collectively, the "Record Company Plaintiffs"), and Spotify USA Inc. ("Spotify"), by and through their undersigned counsel of record, respectfully submit this Statement of Damages in support of their Motion for Default Judgment against Defendant Anna's Archive ("Defendant").

## I.      Damages for Willful Copyright Infringement (First Claim for Relief)

The Record Company Plaintiffs bring a claim for relief for copyright infringement pursuant to 17 U.S.C. § 106(1) and (3) against Defendant, ECF No. 8 ¶¶ 69-77 & Prayer For Relief ¶ B, and seek maximum statutory damages in the amount of $150,000 per infringed work for Defendant's willful infringement, 17 U.S.C. § 504(c)(2).

Plaintiffs Atlantic Recording Corporation, Atlantic Music Group LLC, Bad Boy Records LLC, Elektra Entertainment Group Inc., Elektra Entertainment LLC, Fueled by Ramen LLC, Warner Music International Services Limited, Warner Records Inc., and Warner Records LLC (collectively, the "Warner Plaintiffs") seek maximum statutory damages for Defendant's willful infringement of 48 copyrighted sound recordings in the amount of $7,200,000.00 ($150,000 x 48 sound recordings). 17 U.S.C. § 106(1), (3); *id.* § 504(c)(2); ECF No. 12 ¶¶ 4-6 & Ex. A.

Plaintiffs Sony Music Entertainment, Arista Music, Arista Records, LLC, and Zomba Recording LLC (collectively, the "Sony Plaintiffs") seek maximum statutory damages for Defendant's willful infringement of 50 copyrighted sound recordings in the amount of $7,500,000.00 ($150,000 x 50 sound recordings). 17 U.S.C. § 106(1), (3); *id.* § 504(c)(2); ECF No. 13 ¶¶ 4-6 & Ex. A.

Plaintiffs UMG Recordings, Inc. and Capitol Records, LLC (together, the "UMG Plaintiffs") seek maximum statutory damages for Defendant's willful infringement of 50 copyrighted sound recordings in the amount of $7,500,000.00 ($150,000 x 50 sound recordings). 17 U.S.C. § 106(1), (3); *id.* § 504(c)(2); ECF No. 14 ¶¶ 4-6 & Ex. A.

## II.     Damages for Violation of 17 U.S.C. § 1201 (Fourth Claim for Relief)

Spotify brings a claim for relief for violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1201 ("DMCA"), against Defendant, ECF No. 8 ¶¶ 95-99 & Prayer For Relief ¶ F, and

seeks maximum statutory damages in the amount of $2,500 per act of circumvention of a technological measure, 17 U.S.C. § 1203(c)(3)(A).

On or around February 9, 2026, Defendant publicly posted torrents listing music files and associated metadata that Defendant had scraped from Spotify and that Defendant had made available for download through the BitTorrent network. Declaration of Jeremy Landis ¶¶ 5-7; Declaration Richard Titmuss ¶¶ 5-7. Although these torrents collectively identified 2,806,041 music files, Spotify has elected to seek maximum statutory damages only as to each of the 120,000 files that Plaintiffs actually downloaded and as to which Spotify's digital rights management technology was necessarily circumvented by Defendant. *Id.* Accordingly, for violation of 17 U.S.C. § 1201, Spotify seeks $300,000,000 in statutory damages per act of circumvention of a technological measure ($2,500 x 120,000 music files).

## III.    Summary

| Plaintiff(s) | Damages Sought | Amount |
|---|---|---|
| Warner Plaintiffs | Statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c), at $150,000 per 48 sound recordings | $7,200,000.00 |
| Sony Plaintiffs | Statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c), at $150,000 per 50 sound recordings | $7,500,000.00 |
| UMG Plaintiffs | Statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c), at $150,000 per 50 sound recordings | $7,500,000.00 |
| Spotify | Statutory damages for circumvention of a technological measure pursuant to 17 U.S.C. 1203(c)(3)(A), at $2,500 per 120,000 music files | $300,000,000.00 |
| | Total: | $322,200,000.00 |

The undersigned affirms, under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Dated: March 25, 2026

Respectfully submitted,

Rollin A. Ransom (*Pro Hac Vice*)
Lauren M. De Lilly (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
350 South Grand Street
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: rransom@sidley.com
Email: ldelilly@sidley.com

Randi W. Singer (SBN 2946671)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: randi.singer@sidley.com

*Attorneys for Plaintiffs*

4